**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JERRY HOOKS,

      Plaintiff,

      v.

BRIAN WILLIAMS, *et al.*

      Defendants.

Case No. 2:26-cv-00837-RFB-DJA

**DISMISSAL ORDER**

### I.  INTRODUCTION

Plaintiff Jerry Hooks brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Southern Desert State Prison. See generally Comp., ECF No. 1-1. On March 26, 2026, this Court ordered Mr. Hooks to either pay the full $405 filing fee or file a complete application to proceed *in forma pauperis* by April 27, 2026. See generally Min. Order, ECF No. 3. To date, Mr. Hooks has done neither.

### II.  DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power[,] they may impose sanctions including, where appropriate, . . . dismissal" of a case. Thompson v. Hous. Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule); Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in the expeditious resolution of litigation; (2) the

Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Hooks's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court. See Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999); Pagtalunan v. Galaza, 291 F.3d 639, 643 & 634 n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this Court cannot operate without collecting reasonable fees, and litigation cannot progress without Hooks's compliance with the Court's orders, the only alternative is to enter a second order setting another deadline. But repeating an ignored order only delays the inevitable and further squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

### III.   CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. Therefore, **IT IS HEREBY ORDERED** this action is **DISMISSED** without prejudice based on Hooks's failure to address the matter of the filing fee in compliance with this Court's March 26, 2026, Order. The Clerk of Court is kindly instructed to enter judgment

accordingly and close this case. If Hooks wishes to pursue his claims, he must file a complaint in a new case and either pay the full filing fee or complete an *in forma pauperis* application.

**IT IS FURTHER ORDERED** that Hooks may move to reopen this case and vacate the judgment by filing a motion for reconsideration within 30 days of the entry of this Order. In this motion, Hooks would need to explain the circumstances that led to his not being able to file an application to proceed *in forma pauperis* as directed by the Court. If the Court finds there is good cause or a reasonable explanation for the failure, the Court will reopen the case and vacate the judgment.

**DATED:** May 28, 2026

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

-3-